United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-20509
Summary Calendar
_____


LAWRENCE LEE GRICE, JR

          Plaintiff - Appellant

     v.

FMC TECHNOLOGIES INC, also known as FMC Corporation, also known
as FMC Energy Systems

          Defendant - Appellee


_____

          Appeal from the United States District Court
            for the Southern District of Texas, Houston
                      No. 4:05-CV-1062
_____

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Lawrence Lee Grice, Jr. ("Grice")

appeals the district court's order granting summary judgment on

his Title VII race discrimination and retaliation claims in favor

of his employer, Defendant-Appellee FMC Technologies Inc.

("FMCTI").  For the reasons that follow, we AFFIRM.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

-1-

# I.  FACTUAL AND PROCEDURAL BACKGROUND

In March 2001, Grice, an African-American male, began working temporarily as an Assembly Technician at FMCTI.  On September 23, 2002, Grice became a regular, full-time employee of FMCTI as an Assembler I.  As of the date of FMCTI's brief on appeal, Grice remained employed with FMCTI.

The position of Assembler at FMCTI has four distinct designations ranging from Assembler I to Assembler IV.  The difference between each designation depends on the employee's amount of mechanical experience: an Assembler I generally has six months, an Assembler II has two to four years, an Assembler III has at least four years, and an Assembler IV generally has eight or more years.  An Assembler IV may also serve as a Lead Assembler, providing supervision for the other Assemblers.

A move from one Assembler designation to another is considered job progression at FMCTI.  FMCTI follows a "promote from within" philosophy in making its hiring decisions.  It posts all open positions for seven working days on bulletin boards at each job site and on the company intranet.  An employee does not need to fill out an application to progress to a higher level of Assembler.  If a logical successor exists for the posted position, the posting states "candidate already identified."  However, even when FMCTI identifies a candidate for a position, it accepts applications and considers all candidates for the

posted position.

On October 6, 2004, Grice filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging failure to promote based on racial discrimination and retaliation. Grice's EEOC charge states that "[he] believe[s] [he] was discriminated against because of [his] race and . . . retaliated against." Grice's statement, attached to his EEOC charge, asserts that "[t]he adverse employment action complained of includes, without limitation, failure to promote." Grice's EEOC charge did not indicate the position to which FMCTI allegedly failed to promote him.

FMCTI has no record of Grice's application for a promotion prior to his filing of the EEOC charge. FMCTI's records do indicate, however, that on October 12, 2004, James Faucett ("Faucett"), Grice's supervisor, initiated a job progression for Grice, moving him from Assembler I to Assembler II, retroactive to October 1, 2004. Several days before Faucett initiated the job progression, the FMCTI Human Resources Department received notice of Grice's EEOC charge. The Human Resources Department did not notify Faucett that Grice had filed an EEOC charge prior to Faucett's decision to promote Grice to Assembler II.

On November 19, 2004, Grice received a right-to-sue letter from the EEOC. In December 2004, Grice filed suit against

FMCTI,[1] asserting claims of race discrimination and retaliation based on FMCTI's failure to promote him, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a) (2000).[2] Grice alleges that FMCTI denied him numerous promotions, although he provides only one example. Grice claims that in April 2005, he applied for a Lead Assembler position and was not promoted. He contends that during his interview for Lead Assembler, Richard Meier, a supervisor, asked him if he would be willing to lie for the company if asked to do so. According to Grice, he responded no, and as a result, Faucett asked two other employees to apply for lead positions. FMCTI promoted Wilford Cartha ("Cartha") and Darren Mayo ("Mayo"), both of whom are African-American, to Lead Assembler positions. Cartha had been an FMCTI employee since October 2001, and Mayo had been an FMCTI employee since January 1997.

Grice makes other claims of unfair treatment. Grice alleges that in January 2004, Faucett gave Mayo a bad evaluation. Grice maintains that Mayo convinced Faucett to allow him to redo his self-evaluation. After Mayo allegedly made changes to his self-evaluation, Grice contends that Faucett gave Mayo a good

---

[1] Grice's suit was initially filed in Texas state court, but FMCTI timely removed the case pursuant to 28 U.S.C. § 1331.

[2] Grice also asserted a common law claim for intentional infliction of emotional distress. The district court granted summary judgment on this claim, and Grice has not contested this ruling on appeal.

evaluation as well as a large pay raise.

Grice further contends that in June 2004 he submitted a complaint to the FMCTI Human Resources Department stating that he was harassed when Faucett accused him of lying on his time sheet about a training class he attended with other Assemblers. Two of the other Assemblers, Roy Bolten, who is Caucasian, and Tellis Cannon, who is African-American, left the class early and did not report any time on their time sheets for attending the class. Eric Smith, one of Grice's supervisors, questioned Grice and others about the length of the class and determined that Grice had recorded the appropriate amount of time on his time sheet. Grice filed a second complaint to Human Resources about the incident, alleging that Faucett had discriminated against him because the Assemblers who left the class early were not reprimanded over their time sheets. Human Resources investigated Grice's allegations but found no evidence to support Grice's claim.

In addition to his race discrimination claim, Grice contends that FMCTI retaliated against him. Grice claims, inter alia, that Faucett refuses to allow him to act as a step-up lead when a Lead Assembler is absent, that he is watched more closely than others, that he was wrongly accused of forging a signature, that Faucett falsified an incident report to make it look like the incident was Grice's fault, that Faucett failed to inform him that he was working the day shift upon returning from leave, that

-5-

Faucett holds safety meetings in the smoking area, that Faucett called him a "little dog," and that Faucett used the word "nigger" in front of other employees, but not in Grice's presence. There is no record evidence that Grice filed another EEOC charge or amended his October 6, 2004, EEOC charge with any of these allegations.

FMCTI filed a motion to strike Grice's summary judgment evidence and a motion for summary judgment on all of Grice's claims. On April 6, 2006, the district court granted FMCTI's motion to strike Grice's summary judgment evidence on the grounds that the evidence contained inadmissable hearsay, factual assertions lacking foundation, and some tape recordings never proffered to FMCTI. See Grice v. FMC Techs., Inc., No. H-05-1062, slip. op. at 7 (S.D. Tex. May 24, 2006). Specifically, the district court struck two unsigned affidavits, Grice's second affidavit, portions of Grice's first affidavit, the signed Lester Conley affidavit, and the Ira Conley affidavit. Id.

On May 24, 2006, the district court granted summary judgment in favor of FMCTI on all of Grice's claims.[3] Grice timely appealed the district court's final judgment, challenging the court's grant of summary judgment on his race discrimination and retaliation claims. This court has jurisdiction pursuant to 28

---

[3] The district court did not rely on any of the stricken evidence in its order granting FMCTI's summary judgment motion, and neither do we since Grice has not challenged the order striking portions of his summary judgment evidence on appeal.

-6-

U.S.C. § 1291.

## II.  STANDARD OF REVIEW

We review a district court's order granting summary judgment de novo, applying the same standard as the district court.  See Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001).  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  On a motion for summary judgment, we view all facts in the light most favorable to the nonmoving party.  See Fierros v. Tex. Dep't of Health, 274 F.3d 187, 190 (5th Cir. 2001).

## III.  DISCUSSION

### A.  Title VII Framework

The filing of an EEOC charge is a prerequisite to bringing a Title VII suit in federal court.  Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990).  A Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days of learning of the alleged unlawful employment action.  See Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998) (explaining that for states, like Texas, that provide an administrative mechanism to address complaints of employment discrimination, the statutory period is 300 days); see also 42 U.S.C. § 2000e-5(e)(1).

-7-

"Each discrete discriminatory act starts a new clock for filing charges alleging that act," with discrete acts including, inter alia, failure to promote. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 114 (2002). An EEOC charge must be filed within the 300-day time period after the discrete discriminatory act occurred. Id. at 113. However, if the plaintiff is making a hostile work environment claim, then a series of separate acts can collectively constitute one unlawful employment practice and the entire time period of the hostile environment may be considered by the court for the purposes of determining liability. Id. at 116-18.

Assuming the plaintiff has exhausted his administrative remedies, then he can prove a claim of intentional discrimination or retaliation either by direct or circumstantial evidence. We analyze cases built upon the latter, like this one, under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under McDonnell Douglas, the plaintiff must first establish a prima facie case of his claim. For race discrimination, this requires the plaintiff to show that: (1) he is a member of a protected group; (2) he was qualified for the position at issue; (3) he was discharged or suffered some adverse employment action by the employer; and (4) he was replaced by someone outside his protected group or he was treated less favorably than other similarly situated employees outside the protected group. See Wheeler v. BL Dev. Corp., 415 F.3d 399, 405

(5th Cir. 2005).  For retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.  <u>Banks v. E. Baton Rouge Parish Sch. Bd.</u>, 320 F.3d 570, 575 (5th Cir. 2003); <u>Gee v. Principi</u>, 289 F.3d 342, 345 (5th Cir. 2002).  If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action.  <u>See</u> <u>Russell v. McKinney Hosp. Venture</u>, 235 F.3d 219, 222 (5th Cir. 2000) (discrimination); <u>Gee</u>, 289 F.3d at 345 (retaliation).  The employer's burden is only one of production, not persuasion, and involves no credibility assessment.  <u>Russell</u>, 235 F.3d at 222.  If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose.  <u>See</u> <u>id.</u>[4]  To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.  <u>Laxton v. Gap Inc.</u>, 333 F.3d 572, 578 (5th Cir. 2003).

**B.    Application of Title VII Framework to Grice's Claims**

---

[4] Grice has not argued a mixed-motive theory under this court's decision in <u>Rachid v. Jack in the Box, Inc.</u>, 376 F.3d 305 (5th Cir. 2004).

## 1. Race Discrimination Claim

The district court held that Grice's race discrimination claim either had not been administratively exhausted or failed on the merits. The district court found that there was no evidence that Grice applied for a Lead Assembler position between December 11, 2003, and October 6, 2004, the 300-day period prior to Grice's October 6, 2004, EEOC charge. Based on this finding, the district court concluded that Grice could not make out a prima facie case of race discrimination on his failure to promote claim because there was no evidence Grice actually applied for a position and was not promoted. Instead, the district court noted that FMCTI actually progressed Grice from Assembler I to Assembler II effective October 1, 2004.

The district court also rejected Grice's only example of FMCTI's allegedly discriminatory failure to promote him, the April 2005 denial of promotion. According to the district court, this employment action constituted a discrete, discriminatory act, requiring Grice to file a new EEOC charge to cover the act. Because Grice did not file an EEOC charge on the April 2005 failure to promote claim, the district court held that Grice failed to exhaust his administrative remedies. The district court further concluded that even if Grice had exhausted this claim, it would fail because Grice could not show that FMCTI promoted someone outside of his protected class, as FMCTI had promoted Cartha and Mayo, both of whom are African-American

-10-

employees.

We agree with the district court.  Grice has failed to present any evidence that he filed any applications for the Lead Assembler position (or any other Assembler position) prior to filing his EEOC charge, nor has he presented any evidence that he was not promoted during this period.  We also find no record evidence supporting Grice's allegations that he was treated less favorably than other employees.  Even if Grice were able to establish a prima facie case of race discrimination (which he has not), he cannot meet his ultimate burden of proving pretext.  See Russell, 235 F.3d at 222; see also Laxton, 333 F.3d at 578.

To the extent Grice is relying on his April 2005 denial of promotion for his race discrimination claim, the district court properly concluded that Grice failed to exhaust his administrative remedies.  Failure to promote is a discrete discriminatory act that starts a new clock for filing charges alleging that act.  See Morgan, 536 U.S. 113-14.  Because Grice was statutorily required to file this claim within 300 days of the alleged failure to promote, this claim is now time-barred.  See id.  Accordingly, we affirm the district court's order granting summary judgment on Grice's race discrimination claim.

2.  Retaliation Claim

The district court held that Grice had not established a prima facie case of retaliation.  The district court determined that Grice's alleged incidents of retaliation did not constitute

-11-

adverse employment actions under Fifth Circuit precedent.  See, e.g., Walker v. Thompson, 214 F.3d 615, 629 (5th Cir. 2000) (stating that adverse employment actions include only ultimate employment decisions, such as hiring, granting leave, discharging, promoting, or compensating).

We affirm the district court's judgment on Grice's retaliation claim, but because of an intervening decision by the Supreme Court, our affirmance is for reasons different than those articulated by the district court.  Shortly after the district court issued its decision, the Supreme Court decided Burlington Northern & Santa Fe Railway Co. v. White, --- U.S. ----, 126 S. Ct. 2405 (2006), which altered the analysis of retaliation claims.  In Burlington Northern, the Court rejected the approach taken by several circuits, including this one, that required plaintiffs to demonstrate an "ultimate employment decision" to satisfy the "adverse employment action" element of a retaliation claim.  The Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" 126 S. Ct. at 2415 (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (internal quotation marks and citation omitted)).  The Court further explained that "material adversity" is distinct from "trivial harms": "[a]n employee's decision to report discriminatory

-12-

behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience."  Id.

Despite this shift in analysis of retaliation claims, Grice cannot prevail on his retaliation claim.  The allegedly retaliatory incidents of which Grice complains are either unsupported by the record or so "trivial" that they do not appear to be the sort of actions that would dissuade a reasonable employee from reporting discrimination.  Cf. id. (noting that "normally petty slights, minor annoyances, and simple lack of good manners will not" "deter victims of discrimination from complaining to the EEOC, the courts, and their employers.") (internal quotation marks and citation omitted).  In any event, even if Grice could meet the Burlington Northern standard, he has not attempted to establish any causal link between the allegedly retaliatory actions and his participation in a protected activity.  His subjective belief that the incidents were retaliatory, without more, is not sufficient to survive summary judgment.  See Haley v. Alliance Compressor LLC, 391 F.3d 644, 651 (5th Cir. 2004); Travis v. Bd. of Regents, 122 F.3d 259, 266 (5th Cir. 1997).[5]

---

[5]  The district court also held that to the extent Grice was attempting to base his retaliation claim on an alleged hostile work environment, his claim was not administratively exhausted because he did not allege hostile work environment in his EEOC charge.  Because Grice has not contested the district court's ruling on this issue, we affirm.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment in favor of FMCTI.

AFFIRMED.