IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-41739
Summary Calendar

CONNIE ADAMS,

Plaintiff–Appellant,

v.

DAIMLERCHRYSLER SERVICES NA LLC,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:05-CV-00103

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a grant of summary judgment to DaimlerChrysler Services (Chrysler). We affirm.

I

Connie Adams was an at-will employee of Chrysler from 2001 to 2005. During her employment, she applied for a variety of internal promotions, but other employees were promoted instead of her. Because of her tardiness and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incomplete assignments, Adams was given performance improvement assignments and warnings that her employment was at risk. Adams complained to her supervisors that she was being discriminated against because of her race (African-American) and age (over 40). On July 15, 2004, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which investigated and was unable to verify any illegal discrimination. On November 11, 2004, the EEOC issued a right-to-sue letter. Adams filed this suit in state court on February 16, 2005, and Chrysler timely removed to federal court. Adams continued to work for Chrysler. Chrysler continued to monitor Adams's performance and to issue warnings to her that if her work completion and timeliness did not improve she would be terminated. Adams took disability leave from April 28, 2005 through July 22, 2005. She also requested additional paid leave under the Family and Medical Leave Act (FMLA), but Chrysler denied this request because it does not offer paid FMLA leave. When she returned from leave on July 22, 2005, Chrysler terminated her employment.

Adams amended her complaint. She claimed that Chrysler violated 42 U.S.C. § 2000e (Title VII), 29 U.S.C. § 623(d) (the ADEA), and Texas Labor Code § 21.055 (the TCHRA) by promoting four women—Lori Pearson, Wendy Connerly, Jennie Fogg, and Kim Smith—into positions for which Adams had applied (the failure-to-promote claims). She also claimed that Chrysler violated Title VII, the ADEA, and the TCHRA by discharging her for complaining about discrimination (the retaliatory termination claim). Finally, she claimed that Chrysler violated the FMLA by discharging her in retaliation for taking FMLA leave. During litigation before the district court, Adams and Chrysler reached a settlement agreement, but Adams revoked this agreement on August 7, 2006. Shortly before that settlement agreement, Adams's attorney filed a motion to withdraw from representation; shortly after Adams's revocation of the settlement, the district court granted the motion. Following discovery, Chrysler

2

moved for summary judgment, and the motion was granted on November 3, 2006. Adams, pro se since her counsel's withdrawal, timely appealed.

We liberally construe briefs of pro se litigants. We have been able to discern six assignments of error. Adams argues (i) that the magistrate judge should have recused himself from the case; (ii) that the court punished Adams for validly revoking the earlier settlement agreement; (iii) that the court ignored certain evidence related to the FMLA claim; (iv) that the court erred in holding that certain claims were time-barred; (v) that the court erred in its analysis of the retaliatory termination claim; and (vi) that the court ignored certain evidence related to the discriminatory failure-to-promote claims.

II

In Adams's first argument, she claims for the first time on appeal that the federal magistrate, to which the case was submitted, should have recused himself in accordance with 28 U.S.C. § 455 because of an alleged prior affiliation with Chrysler. Adams claims that on July 17, 2006, prior to a motion hearing, the magistrate judge stated that he had a "past involvement with DaimlerChrysler as an attorney." Adams acknowledges that this statement appears nowhere in the record.

Delay in raising disqualification objections is greatly disfavored, and we consider it "egregious delay" when a party "knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal."[1] In this case, there is absolutely no evidence in the record that the magistrate has had any prior relationship with Chrysler or that there is or was any reason to question his impartiality. Adams had more than enough time to complain of the conflict between the alleged statement in July, 2006 and the court's decision on

---

[1] United States v. Sanford, 157 F.3d 987, 989 (5th Cir. 1998).

Chrysler's summary judgment motion in November, 2006. Without facts and without a complaint at trial, we find no merit to Adams's argument.

Adams next argues that the court improperly punished her for revoking a settlement agreement. Adams participated in a settlement conference with Chrysler on July 21, 2006, and the parties reached a settlement agreement. Adams signed the agreement on August 3, 2006, but later claimed she did not understand its terms. On August 7, 2006, she wrote a letter to Chrysler revoking her agreement, contending that the Older Workers Benefit Protection Act of 1990[2] (OWBPA) allowed her to revoke the settlement agreement within seven days of signing it. Adams also wrote a letter to the court requesting a hearing on the revocation, which the court held on August 17, 2006. At the hearing, Chrysler conceded that the OWBPA allowed Adams to revoke her agreement, and the court granted Adams's request to revoke.[3] Adams now argues that her revocation prejudiced the court against her and that the court granted summary judgment to Chrysler "because she revoked the agreement." There is no evidence in the record to support this contention, and it is without merit.

### III

Adams argues that the court ignored evidence related to her FMLA claim. The court found that Adams admitted in a deposition that the only reason Chrysler fired her was in retaliation for her EEOC complaint and later lawsuit. The court held that this admission contradicted the entire basis of her FMLA claim, in which she alleged that she was terminated because she took leave. We

---

[2] Pub. L. No. 101-433, 104 Stat. 978 (1990) (amending the ADEA).

[3] The validity of the revocation is not before us on appeal, and we express no opinion as to whether the OWBPA's revocation provisions indeed cover the settlement agreement in this case.

agree with the court that Adams admitted in her deposition that she was not fired for taking FMLA leave and that this admission vitiates her FMLA claim.

Adams next argues that the court erred in holding that several of Adams's failure-to-promote claims were time-barred. Title VII and the ADEA require plaintiffs to file an EEOC discrimination charge within 300 days of the discrimination,[4] while the TCHRA requires plaintiffs to file a Human Rights discrimination charge within 180 days of the discrimination.[5] Adams's EEOC filing of July 15, 2004 complained of failure-to-promote incidents that had occurred from December 18, 2003 through May 17, 2004. The court dismissed as time-barred all of the claims related to the promotion of Lori Pearson (April, 2003), and the TCHRA claims related to the promotion of Wendy Connerly (December 18, 2003). The court did not dismiss as time-barred the Title VII and ADEA claims related to Wendy Connerly (since the EEOC filing was within 300 days from her promotion) nor any other claims related to any other co-workers. Because the record supports the court's dismissal of the specific claims it discussed, we find no merit to Adams's assignment of error here.

Adams next argues that the court erred in granting summary judgment to Chrysler on the retaliatory discharge claim. Adams points to evidence that some of her co-workers and supervisors were not held to the same standards for violations of Chrysler's code of conduct. The court held that Adams never filed an EEOC retaliatory discharge complaint related to her termination; her only EEOC filling dealt with the failure-to-promote claims. Because Adams never perfected the discharge claim by filing with EEOC, it was properly dismissed on summary judgment. The court also explained that Chrysler's summary judgment motion would be granted on this claim even if it had been perfected by

---

[4] See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2).

[5] See TEX. LAB. CODE § 21.202(a) (2006).

an EEOC filing because Adams's termination was twelve months after her EEOC filing, and five months after she filed this lawsuit. The court held that this long time delay negated any inference that Adams's complaint caused her discharge. The court also observed that there was evidence that Adams had received negative performance evaluations for tardiness to work and that performance was Chrysler's stated reason for termination, and that Adams admitted that she did not meet Chrysler's expectations. The court stated that this was a legitimate, nondiscriminatory reason for the termination, citing our holding in Mayberry v. Vought Aircraft Co.[6] Summary judgment on the retaliatory discharge claim was not error.

Adams's final argument is that the court ignored evidence of her education when considering the discriminatory failure-to-promote claims. She asserts that her educational records show that she was at least as qualified as two other candidates for promotion opportunities: Wendy Connerly and Jennie Fogg. The court held that Adams had not established her prima facie case of discriminatory failure-to-promote, but also explained that Adams's claim would fail even if she had made a prima facie showing, since she had not presented substantial evidence that she was "clearly better qualified" than the individuals who received the desired positions.[7] We agree. Adams has not presented evidence that she was clearly more qualified than Connerly and Fogg; if anything, the record shows the opposite. Therefore we find no merit to Adams's final assignment of error.

## IV

For these reasons, we AFFIRM the order of the district court.

---

[6] See 55 F.3d 1086, 1091 (5th Cir. 1995).

[7] See Celestring v. Petroleos de Venezuela, 266 F.3d 343, 357 (5th Cir. 2001).