# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10822
Summary Calendar

RUSSELL MARTIN

Plaintiff - Appellant

v.

LENNOX INTERNATIONAL INC

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-209

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Russell Martin ("Martin") appeals the district court's grant of summary judgment on his various retaliation and discrimination claims against his former employer, Lennox International Inc. ("Lennox"). For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

Martin was hired by Lennox as an aircraft mechanic in 1994, and began working as a full-time pilot in 1995. In June 2005, Martin suffered a heart attack. Under Federal Aviation Administration ("FAA") regulations, pilots must be medically certified to operate an aircraft; they periodically submit to physical examinations to renew their medical certificates. However, medical conditions such as a heart attack immediately ground a pilot until a six-month recovery period has elapsed, at which time the pilot may seek re-certification from the FAA. During the six months following his heart attack, Martin was therefore grounded, and he received short-term disability benefits from Lennox. The six-month recovery period ended in December 2005, along with Martin's short-term disability leave. Lennox initially allowed Martin to take additional leave while waiting for his new medical certificate. However, in late January 2006, Martin informed Lennox that his re-certification process had been delayed and that he was now unsure as to when he would be able to return to his pilot position. Lennox terminated Martin's employment on January 31, 2006.

In September 2006, Martin filed a charge of age and disability discrimination against Lennox with the Equal Employment Opportunity Commission ("EEOC"); he later amended the charge to add allegations of sex discrimination. In January 2007, Martin initiated the present lawsuit against Lennox for violation of the Age Discrimination in Employment Act ("ADEA") and Section 510 of the Employee Retirement Income Security Act ("ERISA"). Once he received his right to sue letter from the EEOC, he amended his complaint to add sex and disability discrimination claims under Title VII and the Americans with Disabilities Act ("ADA"). The district court granted summary judgment in favor of Lennox on all claims. Martin appeals the district court's rulings, with the exception of its dismissal of his Title VII sex discrimination claims.

## STANDARD OF REVIEW

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). On review of a grant of summary judgment, "[t]he evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 465 (5th Cir. 2005). Typically, "[s]ummary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (internal quotations omitted); *see also* FED. R. CIV. P. 56(c). Further, while "failure to state a claim usually warrants dismissal under Rule 12(b)(6)," it may also serve as a basis for summary judgment. *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992).

A district court's refusal to consider untimely filed summary judgment evidence is reviewed for abuse of discretion. *See Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 443–44 (5th Cir. 1990).

## DISCUSSION

The complaint alleges that Martin was improperly terminated in violation of the ADA, the ADEA, and ERISA. To establish a *prima facie* case of discrimination under either the ADA or the ADEA, a plaintiff must prove that he was qualified for the position in question. *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258, 260 (5th Cir. 2001). Similarly, qualification for the job is a *prima facie* element of a claim that a plaintiff was discharged in retaliation for exercising an ERISA right or was discriminated against for exercising rights to which he was entitled under an employee benefit plan. *Id.* at 260–61. Here, the district court correctly found that Martin was not qualified to work as a pilot because he lacked the required FAA certification at the time he was terminated.

Accordingly, we agree with the district court that Martin has failed to make out a *prima facie* case that his termination violated the ADA, the ADEA, or ERISA.

Martin argues that, even if he was not qualified as a pilot, he was nevertheless qualified to work as an aircraft mechanic because he had been a full-time mechanic for Lennox prior to becoming a pilot and such a position does not require medical certification from the FAA. According to Martin, an aircraft mechanic position at Lennox became available in the Spring of 2005 and he offered to take that position after his heart attack, but Lennox chose to hire another mechanic, Wayne Carter ("Carter"), in August 2005. To the extent that Martin's claim is based on alleged violations of the ADA and the ADEA, we agree with the district court that it is time-barred. "Under the ADA, a plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act." *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002); *see also* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(e)). The same 300-day time limit from the date of the "alleged unlawful practice" also applies to an ADEA claim. 29 U.S.C. § 626(d)(1); *see also Adams v. DaimlerChrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007) (unpublished). Martin's EEOC charge was untimely with respect to this claim because it was filed in September 2006, more than 300 days after Martin was allegedly refused the mechanic position and Carter was hired.

Martin also contends that his supervisor improperly refused to send him to his semi-annual flight training classes during his leave of absence after Martin requested that the training be scheduled. For a plaintiff to establish a *prima facie* case of discrimination under either the ADA or the ADEA, he must establish that he suffered an "adverse employment action." *Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610, 613 (5th Cir. 2001) ("adverse employment action" is a *prima facie* element of an ADA discrimination claim); *Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 583 n.4 (5th Cir. 2006)

("adverse employment action" is a *prima facie* element of an ADEA discrimination claim). The record contains no evidence that denial of the training by Lennox "would 'tend to' result in a change of [Martin's] employment status, benefits or responsibilities" and thus could constitute an "adverse employment action." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407 (5th Cir. 1999). Indeed, Martin was not qualified to fly at the time of the training. Lennox's refusal to allow him to attend the training therefore could not have affected his employment situation, and the district court properly granted summary judgment on this issue.

Martin's claim that Lennox's failure to hire him as a mechanic and to allow him to participate in the semi-annual training violated ERISA is equally unavailing. It is well-established that a discrimination claim under ERISA requires proof of the employer's "specific intent to discriminate." *Matassarin v. Lynch*, 174 F.3d 549, 569 (5th Cir. 1999). Martin has produced no evidence that Lennox's refusal to allow him to work as a mechanic and to train him during his leave of absence had any connection to the exercise of his ERISA rights. Accordingly, summary judgment on this claim was appropriate.

We also agree with the district court's dismissal of Martin's failure to rehire claim. The district court properly concluded that Martin had not exhausted his administrative remedies with respect to that claim because it was not raised in his EEOC charge. *See, e.g., Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 406–07 (5th Cir. 2007) (unpublished). Further, Martin's complaint contained no allegations that would put Lennox on notice of the existence of a failure to rehire claim. Therefore, dismissal was also warranted on the basis of Federal Rule of Civil Procedure 8, which requires that a plaintiff's pleadings "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

Finally, Martin appeals the district court's denial of his motion for leave to file a second supplemental response to Lennox's motion for summary judgment. This second supplemental response sought to add a new affidavit to the summary judgment evidence. The district court refused to allow the new evidence, having already granted Martin two extensions to file his initial response. We have previously stated that "the summary judgment procedure [would become] uncontrolled[] if a court could not enforce some limits on the timely submission of appropriate evidence." *Bernhardt*, 892 F.2d at 444. We find no abuse of discretion in the district court's refusal to allow Martin to submit an additional untimely filing.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.