■ FRANK D. GILROY, Respondent-Appellant, v AMERICAN BROADCASTING COMPANY, INC., Formerly Known as AMERICAN BROADCASTING-PARAMOUNT THEATRES, INC., et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered April 26, 1976, in favor of plaintiff in the sum of $745,000, with interest and costs, making a total of $1,185,737, unanimously reversed, without costs and without disbursements, on the law and the facts, and a new trial directed as to compensatory damages only unless plaintiff,

within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $100,000, together with interest thereon from June 25, 1967, and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and disbursements. Order, Supreme Court, New York County, entered October 21, 1976, directing that interest be computed from January 25, 1975 to the date of entry of the judgment, and amending the judgment accordingly, unanimously reversed and vacated, on the law and the facts, without costs and without disbursements, and motion to change date of interest award denied. In an earlier appeal in this case, this court modified a judgment for $15,000 damages in favor of plaintiff to the extent of remanding the matter for a new trial only on the issue of damages, including punitive damages, if any. (47 AD2d 728.) We there said: "The proper measure of damages flowing from defendants' wrongful appropriation of plaintiff's literary property is the reasonable value thereof and 'Opinion evidence of the value of the property' is admissible." On the retrial, the Trial Justice dismissed the claim for punitive damages and submitted to the jury the issues of compensatory damages. The jury brought in a verdict for $745,000 which with interest and costs brought the judgment to the present amount. We agree that plaintiff failed to establish a claim for punitive damages within the rule of *Walker v Sheldon* (10 NY2d 401) and therefore the Trial Justice properly dismissed that claim. We think, however, that the present verdict cannot stand for the reason that it rests on evidence that is wholly speculative, essentially an estimate of royalties without any "stable foundation for a reasonable estimate of royalties." *(Freund v Washington Sq. Press,* 34 NY2d 379, 383.) The evidence submitted to the jury on this issue consisted of speculations and opinions based wholly on unsupported assumptions—that plaintiff would write two successful mystery novels a year for 15 years, that these novels would achieve certain sales and reprints in certain amounts and retail at certain prices, bringing to plaintiff royalties in excess of $1,000,000, although plaintiff, a successful, serious playwright and television scriptwriter, does not have an established reputation as a novelist, and has never to this day written a mystery novel, successful or unsuccessful. The verdict is a result of piling speculation on speculation and assumption on assumption. On the facts of this case the amount of the verdict is so excessive as to shock the conscience of the court. There have now been two trials in this case. We must assume that if plaintiff had better evidence available he would have offered it. There seems little point to sending the case back for another trial. On the earlier appeal, we determined that there was liability. We think that what the defendant misappropriated had value. To some extent, at least, plaintiff's difficulty in demonstrating the amount of that value is due to what we have determined to be defendant's fault (though perhaps it is also in part due to plaintiff's apparent failure, for reasons of his own, to write, or attempt to write, mystery novels). In *Wakeman v Wheeler & Wilson Mfg. Co.* (101 NY 205, 209), the Court of Appeals said: "But when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain." In *Story Parchment Co. v Paterson Co.* (282 US 555, 563), the Supreme Court said: "Where the tort itself is of such

a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case * * * it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise." The question is whether this is a case where the damages are "so uncertain, contingent and imaginary as to be incapable of adequate proof, and then they cannot be recovered because they cannot be proved." *(Wakeman v Wheeler & Wilson Mfg. Co., supra,* p 209.) However "In cases where plaintiffs fail to prove their damages * * * we often make the best estimate we can, even though it is really no more than a guess" *(Sheldon v Metro-Goldwyn Pictures Corp.,* 106 F2d 45, 51, affd 309 US 390). We should not "deny the one fact that stands undoubted"— that plaintiff has been damaged. "Procedural duties are devised in aid of truth; and their unsparing use may defeat their whole purpose, as here it would." Perhaps this is one of those cases where "Pragmatism * * * requires adjustment when the economic realities prevent placing the properties in neat logical valuation boxes". *(G. R. F., Inc. v Board of Assessors of County of Nassau,* 41 NY2d 512, 515.) On the whole, we think the interest of substantial justice will best be achieved by reducing plaintiff's recovery to the principal amount of $100,000, together with appropriate interest thereon. As to the date from which interest should run: The figure we are allowing is not based on an effort to ascertain what profits would have been made over a long period of years, but rather a pragmatic effort to arrive at some figure for the reasonable value of that which the defendant had misappropriated. We think interest should run, if not from the date of the misappropriation, at least from the date when under the contract between the parties plaintiff would have been free to have the benefit of the literary property which has been misappropriated, which is also the date from which plaintiff asks that interest be calculated. Concur—Murphy, P. J., Lupiano, Silverman and Lynch, JJ.