**Emile B. MAALOUF, doing business as Chicago International Network, Plaintiff–Appellant,**

v.

**CITIGROUP GLOBAL MARKETS, INC., formerly known as Salomon Smith Barney, Inc., Defendant–Appellee.**

**No. 05–0292–CV.**

United States Court of Appeals, Second Circuit.

Nov. 28, 2005.

Emile B. Maalouf, New York, N.Y., for Plaintiff–Appellant, pro se.

Boaz S. Morag (Sanjay S. Mody), Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y., for Defendant–Appellee, of counsel.

PRESENT: CALABRESI, B.D. PARKER and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Emile B. Maalouf ("Maalouf") brought a diversity action against Defendant–Appellee Citigroup Global Markets, formerly known as Salomon Smith Barney ("Smith Barney"), for breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, tortious interference with prospective business relations, tortious interference with contract, and unjust enrichment. The claims arise out of two agreements signed in 1995 and 1996 by Maalouf, doing business as Chicago International Network ("CIN"), and Smith Barney ("1995 Agreement" and "1996 Agreement"), wherein Smith Barney committed, among other things, to refrain from contact or transactions with a list of Russian companies, except as mediated by CIN or with CIN's permission.

Maalouf alleges that Smith Barney violated the 1995 and 1996 Agreements by working with Almazy Rossii–Sakha Joint Stock Company ("Alrosa") in 1997 on a never-consummated Eurobond offering, and by underwriting Gazprom's successful Eurobond offerings in 2002. On Smith Barney's motion for summary judgment, the district court dismissed all claims except the two breach of contract claims. On these latter claims, it assumed breaches, but limited Maalouf's recovery to nominal damages. *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 Civ. 4770(SAS), 2004 WL 2008848, 2004 U.S. Dist. LEXIS 17873 (S.D.N.Y. Sept. 8, 2004). Maalouf appeals.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

 We affirm for substantially the reasons given by the district court. As to Alrosa, even if Smith Barney did breach the 1995 Agreement by working on a Eurobond transaction for Alrosa, the only damages Maalouf could claim would derive from compensation that Smith Barney received but failed to share with Maalouf. The offering fell through, however, and it is undisputed that Smith Barney received no compensation. Hence, Maalouf was owed nothing. The result is similar with respect to Gazprom. The Gazprom offerings took place in 2002, years after the 1995 and 1996 Agreements had expired, and Maalouf offers no evidence to support his conclusory statements that the offerings occurred "[a]s a result, and solely by reason" of illicit contacts between Smith Barney and Gazprom while the Agreements were still in force. Accordingly, here too, Maalouf's recovery is limited to nominal damages. *See, e.g., Freund v. Washington Square Press, Inc.*, 34 N.Y.2d 379, 357 N.Y.S.2d 857, 314 N.E.2d 419, 422 (1974) (recognizing that when actual damages cannot be proved with the required certainty, nominal damages alone are recoverable); *Adams Apple Distrib. Co. v. Papeleras Reunidas, S.A.*, 773 F.2d 925, 930 (7th Cir.1985) (noting that a plaintiff who fails to establish a proper basis for calculating damages may be awarded only nominal damages) (citing *Schoeneweis v. Herrin*, 110 Ill.App.3d 800, 66 Ill.Dec. 513, 443 N.E.2d 36, 42 (1982)).[1]

Maalouf also challenges the district court's denial of his request to depose the former president of Smith Barney con-

cerning Smith Barney's involvement in a transaction with the Russian–American Investment Bank ("RAIB"). But because Maalouf has abandoned his claims relating to RAIB, we need not consider whether the district court acted within its discretion in denying this request. Maalouf's tortious interference claims fail as a matter of both New York and Illinois law for the reasons explained by the district court.

We have considered all of Maalouf's other contentions, and we find each of them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

1. The 1995 Agreement contains an Illinois choice of law clause, and the 1996 Agreement contains a New York choice of law clause. With respect to Maalouf's claims, the result is the same under the law of either state.

