In an action, inter alla, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered October 15, 2012, as denied that branch of *923 his motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract is granted.
The plaintiff and the defendant executed a written agreement providing that the defendant would pay the plaintiff $15,000 at the time of the execution of the agreement plus an additional $49,725 that was to be paid in 23 monthly installments of $2,071 and a 24th installment of $2,092. In exchange, the plaintiff would execute a stock certificate representing all of the issued and outstanding capital stock of Extreme Cell, Inc., a New York corporation, which certificate was to be held in escrow by the plaintiffs attorney and released to the defendant upon payment in full of the purchase price. The contract provided that if the defendant defaulted in making monthly payments and failed to cure the default within five days of being served with a written notice to cure, the stock certificate would be returned to the plaintiff. After the defendant failed to make any of the monthly installment payments, the plaintiff commenced this action, inter alla, to recover damages for breach of contract.
The Supreme Court should have granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract. In opposition to the plaintiffs prima facie showing of entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to the contention raised by the defendant in the Supreme Court, the subject contract did not provide that the transfer of the stock certificate back to the plaintiff would be the plaintiffs sole and exclusive remedy in the event of a default (see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Accordingly, the plaintiff was not barred from seeking money damages for breach of contract in lieu of receiving the return of the stock certificate (see Freund v Washington Sq. Press, 34 NY2d 379, 382 [1974]). Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.