13-2701-cv
Jill Stuart (ASIA) LLC v. Sanei Int'l Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　SUSAN L. CARNEY,
　　　　　　　*Circuit Judges.*

------------------------------------------------------------------

JILL STUART (ASIA) LLC, RONALD CURTIS, AS TRUSTEE FOR THE STUART-CURTIS FAMILY TRUST,

*Plaintiffs-Appellants*,

v.　　　　　　　　　　　　　　　　　　No. 13-2701-cv

SANEI INTERNATIONAL CO., LTD.,

*Defendant-Appellee.*[*]

------------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANTS: MICHAEL J. SHEPPEARD, Ballon Stoll Bader & Nadler, P.C., New York, NY.

FOR APPELLEE: LISA T. SIMPSON (Emily J. Green, Daniel Kahn, Marc R. Shapiro, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jill Stuart (Asia) LLC and Ronald Curtis, as Trustee for the Stuart-Curtis Family Trust (together, "Jill Stuart"), appeal from (1) the District Court's order entered on November 7, 2012 granting the motion of Sanei International Co., Ltd. ("Sanei") to dismiss Jill Stuart's claims for unjust enrichment and breach of contract, implied contract, and the covenant of good faith and fair dealing, all stemming from Sanei's allegedly unauthorized use of the Jill Stuart trademark, and (2) the District Court's June 17, 2013 order granting Sanei's motion for summary judgment on the issue of contract damages relating to Sanei's unauthorized copying and use of a Jill Stuart design and awarding nominal damages only.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Motion to Dismiss

We review de novo the District Court's partial grant of a motion to dismiss.  See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 637 F.3d 112, 115 (2d Cir. 2011).  Under New York law, which the parties agree applies in this case, "the question of whether an ambiguity exists must be ascertained from the face of an agreement without regard to extrinsic evidence."

*Reiss v. Fin. Performance Corp.*, 97 N.Y.2d 195, 199 (2001). "An ambiguity exists where the terms of a contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 173 (2d Cir. 2004) (quotation marks omitted).

The District Court concluded that the Permanent Assignment Agreement ("PAA"), which assigned to Sanei the Jill Stuart trademark for certain categories of goods in certain territories, does not contain a provision prohibiting Sanei's use of the mark on other products as to which the PAA is silent. Relying primarily on *Two Guys from Harrison-N.Y. v. S.F.R. Realty Associates*, 63 N.Y.2d 396, 403 (1984), which stands for the unremarkable principle of New York law that a contract should be interpreted to avoid rendering any of its provisions meaningless or superfluous, Jill Stuart argues that the PAA must be read to contain an implicit prohibition of such unauthorized uses because any other reading "renders the [PAA] meaningless, as Sanei would thus be free to use the [Jill Stuart trademark] in whatever manner it desired without payment or meaningful reckoning." Appellant's Br. 31. We disagree that the PAA's failure to provide a contract-based cause of action for Sanei's alleged trademark infringement renders the PAA meaningless in the way that Jill Stuart describes. To the contrary, in consideration for $45 million to the Stuart-Curtis Family Trust, the PAA assigns valuable intellectual property that Sanei would not otherwise own.[1]

---

[1] Jill Stuart's argument for an implied negative covenant under *Harper Brothers v. Klaw*, 232 F. 609 (S.D.N.Y. 1916), is unpersuasive. There, the court determined

Moreover, whereas the PAA contains an explicit prohibition against uses of Jill Stuart designs that infringe Jill Stuart's <u>copyright</u>, it contains no similar prohibition against unauthorized uses of Jill Stuart's <u>trademark</u>. This indicates that the parties intended to omit such a contractual prohibition.

2. <u>Motion for Summary Judgment</u>

We review <u>de novo</u> the District Court's grant of summary judgment. <u>Garcia v. Hartford Police Dep't</u>, 706 F.3d 120, 126 (2d Cir. 2013). Under New York law, contract damages are intended to place the non-breaching party in the position it would have found itself had the contract been performed, "subject to the limitations that the injury . . . was foreseeable, and that the amount of damages claimed be measurable with a reasonable degree of certainty and, of course, adequately proven." <u>Freund v. Wash. Square Press</u>, 34 N.Y.2d 379, 382 (1974). "[P]roof of consequential damages cannot be speculative or conjectural," and lost profits "must be proven with reasonable certainty and be capable of measurement based upon known reliable factors without undue speculation." <u>Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.</u>, 10 N.Y.3d 187, 193 (2008) (quotation marks omitted).

Sanei admits that it breached the PAA by copying Jill Stuart's Palm Tree Print 1 ("Palm Print") design and using it (1) on Sanei's website, (2) in a promotional booklet, and (3) on an iPhone cover. On summary judgment, however, Jill Stuart failed to show that any of these uses caused lost profits by

---

that a copyright license, like a license of real property, implicitly prohibited the licensee from intentionally destroying the value of the licensed property. <u>Id.</u> at 613. But the PAA is an assignment, not a license. Without deciding whether New York continues to recognize an implied negative covenant in the intellectual property context, we conclude that <u>Harper Brothers</u> is inapposite because Sanei has no obligation to preserve the value of the property it purchased.

4

damaging the Jill Stuart brand. Jill Stuart's "reasonable royalty" theory also fails because, even assuming that a hypothetical reasonable royalty amount could support a non-speculative consequential damages determination under New York law, Jill Stuart failed to show sufficiently similar royalty contracts on which to base such a determination. Jill Stuart having failed to show reasonably certain, adequately proven, and sufficiently non-conjectural consequential damages, the District Court did not err in awarding nominal damages only.

We have considered Jill Stuart's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court