46th St. Leaseholder LLC v Hercules Corp. (2022 NY Slip Op 05262)

46th St. Leaseholder LLC v Hercules Corp.

2022 NY Slip Op 05262

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 158676/19 Appeal No. 16275 Case No. 2022-00450 

[*1]46th Street Leaseholder LLC, Plaintiff-Appellant,
v
Hercules Corp., Defendant-Respondent.

Belkin, Burden, Goldman LLP, New York (Jeffrey L. Goldman of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.) entered January 20, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant the motion as to the first causes of action, and otherwise affirmed, without costs.
The motion court should have granted summary judgment in plaintiff's favor as to liability on its first cause of action for breach of contract. The evidence establishes that defendant breached its obligations under paragraph 16 of the parties' lease to obtain the required permits and perform code-compliant work to install a sprinkler system and hard-piped gas dryers in the laundry room of plaintiff's building. Defendant's failure to do so resulted in two Environmental Control Board (ECB) violations for failure to maintain a sprinkler system and failure to install hard-piped gas connections to the dryers, which in turn resulted in Con Edison shutting off the gas for the building.
On the first cause of action, plaintiff seeks damages resulting from the ECB violations and gas shutdown, both of which were directly foreseeable consequences of defendant's breaches of the lease (see Freund v Washington Sq. Press, 34 NY2d 379, 382 [1974]; Lola Roberts Beauty Salon, Inc. v Leading Ins. Group Ins. Co., Ltd., 160 AD3d 824, 826 [2d Dept 2018]). Although defendant maintains that the Department of Buildings (DOB) "surprise" inspection resulting in the violations was an unforeseeable, superseding act, we disagree.
In order to relieve a defendant from liability, an intervening act will be deemed a superseding cause for plaintiff's damages "when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (Kush v City of Buffalo, 59 NY2d 26, 33 [1983]). The inspection would not have resulted in violations or a gas shutoff if defendant had complied with Fuel Gas Code § 406.6.4.1, requiring the installation of a sprinkler system "prior to" the installation and operation of gas equipment, as well as paragraphs 4(a) and 16(b) of the lease, which required defendant to install such a sprinkler system in the laundry room, as well as installing the contracted-for "hard-piping" gas connections rather than the "gas flex" connections that are prohibited for commercial dryers under the Fuel Gas Code. Therefore, plaintiff was entitled to summary judgment as to liability on the first cause of action.
With respect to the second cause of action for the damages plaintiff incurred in addressing its tenants' lack of cooking gas and the abatements paid to the tenants for their damages, the motion court correctly denied summary judgment. There are questions of fact with respect to whether the extended duration of the cooking gas shutoff could have been ameliorated by plaintiff more expediently or could have been avoided entirely [*2]but for the conditions in the building not attributable to defendant's conduct, such as the need to repair 6 of the building's 10 gas lines that failed the pressure test required to be performed before the restoration of gas services to the building.
Plaintiff's claim for summary judgment on its third cause of action for attorneys' fees was correctly denied, since it is premature at this stage of the litigation for the Court to determine who is the "prevailing party". As for the fourth claim for unpaid rent, although plaintiff's property manager stated that defendant had accumulated rental arrears of $26,562.50 under the lease, plaintiff failed to submit a rent demand or arrears ledger in support, warranting denial of summary judgment on this claim.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022