21-1031-cv
Cottam v. 6D Global Technologies, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

---

JOHN COTTAM,

> *Plaintiff-Appellant*,

v.                                                                                          21-1031-CV

6D GLOBAL TECHNOLOGIES, INC., 6D
ACQUISITIONS, INC.,

> *Defendants-Appellees*,

GLOBAL EMERGING CAPITAL GROUP, LLC,
ALEXANDER KIBRIK, ALEXANDER
UCHIMOTO, TEJUNE KANG,

> *Defendants*.

---

For Plaintiff-Appellant:	JOHN COTTAM, *pro se*, Brandon, FL.

For Defendants-Appellees:	TOM M. FINI (Adam Sherman, *on the brief)* Catafago Fini LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*) entered on March 31, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Cottam appeals from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*) entered on March 31, 2021, awarding him only nominal damages of $1 in his suit against the defendants. Cottam sued 6D Global Technologies, Inc. ("6D Global") and others, alleging securities fraud and breach of contract claims. Cottam alleged that the defendants breached a contract and committed securities fraud when he did not receive the number of shares to which he was entitled under a subscription agreement. The district court granted summary judgment to Cottam as to liability on the breach of contract claim, and granted summary judgment in favor of the defendants as to the securities fraud claim. The court further ruled that there was a genuine dispute of material fact regarding the damages owed for the contract claim, and denied punitive damages because such damages were unavailable for breach of contract. The primary question remaining on the contract claim was the damages owed to Cottam given the illiquidity of the stock, the effect of the dilution that would result from the issuance of the additional shares to Cottam and other subscribers, and sales restrictions under the contract. After a bench trial, the district court ruled that Cottam had failed to establish a stable foundation for the reasonable estimate of damages and therefore awarded him

only a nominal amount.   Cottam appeals, proceeding *pro se*.   We assume the parties' familiarity with the case.

In reviewing a judgment entered after a bench trial, we review the district court's findings of fact for clear error and its "conclusions of law, and its application of the law to the facts, *de novo.*"   *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012).   Whether a district court correctly calculated damages is a question of law that is reviewed *de novo*.   *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003).

"Proof of damages is an essential element of a claim for breach of contract under New York law."   *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016).   "A non-breaching party is entitled, as a matter of law, to recover market value damages to the extent that they can be proven with reasonable certainty."   *Id.* (internal quotation marks omitted).   When "the non-breaching party has proven the *fact* of damages by a preponderance of the evidence, the burden of uncertainty as to the amount of damage is upon the wrongdoer."   *Id.* (internal quotation marks omitted).   Before the burden shifts, however, the non-breaching party must establish "a 'stable foundation for a reasonable estimate' of the damages incurred as a result of the breach."   *Id.* (quoting *Freund v. Washington Square Press, Inc.*, 34 N.Y.2d 379, 383 (1974)).   "Such an estimate necessarily requires some improvisation, and the party who has caused the loss may not insist on theoretical perfection."   *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 111 (2d Cir. 2007) (internal quotation marks).

Although the shares at issue were trading for $8.30 per share at the time of breach, this value does not reflect the impact of trading restrictions on Cottam's shares, the dilution that would be occasioned by the issuance of additional shares as Cottam seeks, and the uncertainties in the

3

market price on account of relatively light trading. District courts in this circuit have considered the illiquidity of stock and the financial condition of the company as among the relevant considerations in valuing stock. *See, e.g.*, *Davidowitz v. Patridge*, No. 08 Civ. 6962, 2010 WL 5186803, at *11–12 (S.D.N.Y. Dec. 7, 2010) (considering the "thin" nature of the stock's trading performance); *BrandAid Mktg. Corp. v. Biss*, No. 03 Civ. 5088, 2008 WL 190494, at *6 (S.D.N.Y. Jan. 22, 2008) (considering the fact that the corporation had been insolvent at the time of the contract and ceased operations six months after the breach). Stock that was restricted, like the shares at issue here, is additionally discounted because it was not freely sellable on the date of the breach. *See Simon v. Electrospace Corp.*, 28 N.Y.2d 136, 147 (1971) ("If restricted, then the market value would have to be discounted in some way.").

Cottam failed to provide a stable foundation for a reasonable estimate of damages. He offered no expert testimony, and suggested only one method of assessing the value of the missing shares: calculating the dilution of the value of the company's shares by the amount of stock that would have been issued had the defendants adhered to the subscription agreement. However, this method failed to account for other factors that would significantly impact the value of the shares. As the district court found, the shares were restricted, the stock was thinly traded on the date of the breach, and 6D Global was in poor financial condition, all of which diminished the value of the shares that Cottam should have received. *See Davidowitz*, 2010 WL 5186803, at *12; *BrandAid Marketing Corp.*, 2008 WL 190494, at *6; *Simon*, 28 N.Y.2d at 147. Given the complexity involved in valuing shares, the district court correctly found that dilution alone could not establish a stable foundation for calculating damages.

Cottam argues that the district court misapplied the "wrongdoer" rule by failing to account

4

for the defendants' fraudulent acts.   But the district court correctly ruled that Cottam was required to first establish a stable foundation for damages before the burden of showing the amount of damages would shift to the breaching party.   *Process Am., Inc.*, 839 F.3d at 141.   Cottam also contends that the district court should have measured damages from the date the stock became unrestricted, not the date of the breach.   But under New York law, "breach of contract damages are to be measured from the date of the breach."   *Lucente v. Int'l Bus. Machine Corp.*, 310 F.3d 243, 262 (2d Cir. 2002).

Cottam also asserts that the defendants' expert should have been disqualified because his methods could not be tested and were speculative.   But even to the extent that Cottam's objection was properly preserved, we see no abuse of discretion in admitting the expert's testimony.   *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (applying abuse of discretion standard).   What is more, even if we adopted Cottam's argument regarding the defendant's expert, the expert's admission was harmless error, because, as we have already observed, Cottam failed to offer a stable foundation for calculating damages.   This conclusion would be unaffected by the exclusion of a defense expert's testimony because it was based on Cottam's failure to address various valuation factors of clear import to his damages.

Cottam next contends that the district court was biased against him, citing the award of nominal damages instead of a minimum of the price he had paid for the undelivered shares and the district court's reference to his *pro se* status.   Neither argument has merit.   The fact that the district court did not rule in Cottam's favor or adopt his theory of damages is not evidence of bias. *See Liteky v. United States*, 510 U.S 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").   Nor is the district court's observation of

5

Cottam's *pro se* status; the court fully analyzed Cottam's theory of damages and explained why Cottam's demand for $19 million in damages was unwarranted.

Finally, Cottam argues that he was entitled to punitive damages. "[D]amages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but [] punitive damages may be recoverable if necessary to vindicate a public right." *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315 (1995). "Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as gross and morally reprehensible, and of such wanton dishonesty as to imply a criminal indifference to civil obligations." *Id.* at 315–16 (cleaned up). To state a claim for punitive damages resulting from a breach of contract, the plaintiff must allege that the defendant's conduct was actionable as an independent tort. *Id.* at 316.

Although Cottam alleged an independent tort by asserting a securities fraud claim, the district court granted summary judgment to the defendants on that claim, and Cottam has not appealed that decision. He has therefore forfeited any argument on appeal that the defendants committed an independent tort, and he does not otherwise contend that they acted in a "gross" or "morally reprehensible" way. As a consequence, Cottam cannot establish entitlement to punitive damages.

We have considered all of Cottam's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6