22-1718-cv
*Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

Present:

> GERARD E. LYNCH,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

ADVANCED ANALYTICS, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                  No. 22-1718-cv

CITIGROUP GLOBAL MARKETS, INC., FKA SALOMON
SMITH BARNEY INC., THE YIELD BOOK, INC., FKA
SALOMON ANALYTICS, INC.,

> *Defendants-Counter-Claimants-Appellees*.[*]

---

For Plaintiff-Counter-Defendant-Appellant:                KEVIN K. TUNG, Kevin
                                                          Kerveng Tung, P.C.,
                                                          Flushing, NY.

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Peter J. Toren, The Law Office of Peter J. Toren, New York, NY, *on the brief*.[1]

For Defendants-Counter-Claimants-Appellees: THOMAS S. KESSLER (Christopher P. Moore and Jennifer Kennedy Park, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

Appeal from a November 5, 2021 judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Advanced Analytics, Inc. ("AAI") appeals from the district court's entry of partial summary judgment in favor of Defendants-Counter-Claimants-Appellees Citigroup Global Markets, Inc. ("CGMI") and The Yield Book, Inc. ("TYB") (collectively, "Defendants") on AAI's claims of misappropriation of trade secrets, breach of contract, breach of the duty of good faith and fair dealing, quantum meruit, and unjust enrichment. AAI also appeals the district court's grant of only nominal damages to AAI on the limited breach of contract claim on which it prevailed.

---

[1] Peter J. Toren no longer represents Appellant in this appeal. By letter dated January 7, 2025, Appellant's new counsel, Kevin K. Tung, notified the Court that Appellant wished to proceed not with the reply brief filed by Toren publicly on our docket on March 15, 2024, but instead with a different reply brief, which Appellant submitted under seal on March 13, 2024. Tung attached to his letter a declaration from Dr. Xiaolu Wang, AAI's principal, that purported to include that March 13, 2024 reply brief as an exhibit; however, upon review, the brief actually filed under seal on March 13, 2024 and the document attached to that declaration – and which that declaration asserts is Appellant's "genuine reply" filed under seal on March 13, *see* Doc. 462 – are not the same brief. Nevertheless, Appellees took no position on which reply brief this Court should accept, and we have considered both documents in our review of this case.

AAI generally alleges that, during unsuccessful licensing negotiations conducted in the 1990s, CGMI misappropriated a proprietary numerical sequence (the "ACE Numbers") developed by AAI's principal, Dr. Xiaolu Wang, and later incorporated elements of that sequence into its own software, TYB, generating significant profits without compensating AAI. After nearly twenty years of litigation, including two rounds of discovery spanning approximately five years, the district court found that CGMI had produced unrebutted evidence of independent development of its software and that AAI had failed to introduce evidence showing that CGMI's software incorporated or was derived from AAI's ACE Numbers. Accordingly, the district court granted summary judgment to Defendants on the misappropriation of trade secrets claim (and the contract and quasi-contract claims premised on the same contentions). The district court also found that CGMI breached a nondisclosure agreement with AAI (the "NDA") in a limited fashion but awarded only nominal damages, citing AAI's failure to proffer evidence of any resulting damages. Finally, the district court granted CGMI's counterclaim for an award of attorneys' fees and costs as the prevailing party under the NDA and denied several motions to reconsider its various rulings.

On appeal, AAI's briefing is at points difficult to understand – so much so that Defendants urge us to affirm on the ground that AAI has "failed to satisfy its burden to set out identifiable legal arguments" at all. Appellee Br. 26, citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). Nevertheless, we have done our best to decipher and address AAI's intended arguments, including what we perceive to be its challenges to: (1) various discovery rulings, (2) the grant of summary judgment to CGMI on the misappropriation claim, (3) the award of only nominal damages on the breach of contract claim, and (4) the award of attorneys' fees and

3

costs to CGMI.[2]

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

*    *    *

## I. Discovery Orders

As related to the district court's discovery orders, AAI's objections seem to focus primarily on: (1) the rejection of its various claims that Defendants engaged in discovery misconduct; (2) the denial of several requests for additional discovery; and (3) the exclusion of a declaration by AAI's expert, Dr. Jianqing Fan, which AAI filed along with its opposition to CGMI's motion for summary judgment.

We review a district court's discovery rulings for abuse of discretion. *See FIH, LLC v. Found. Cap. Partners LLC*, 920 F.3d 134, 145 (2d Cir. 2019). "A district court abuses its discretion 'when its decision cannot be located within the range of permissible decisions or is based on a clearly erroneous factual finding or an error of law.'" *Id.* (quoting *United States v. Scully*, 877 F.3d 464, 474 (2d Cir. 2017)).

Though AAI repeatedly asserts that CGMI withheld or fabricated crucial evidence, its arguments on that front are circular and supported by no evidence. AAI has therefore identified no basis to conclude that the district court erred, let alone abused its discretion, in finding that no discovery abuse had occurred.

---

[2] AAI does not "meaningfully challenge" any of the various other orders mentioned in its briefing. *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 65 (2d Cir. 2007). Therefore, any objections to those orders have been abandoned. *Id.* at 65–66.

As to the denial of AAI's requests for additional discovery, such requests must promise more than a mere "fishing expedition"; they should be specifically tailored to enable a plaintiff to fill material evidentiary gaps in its case. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (quotation marks omitted). Here, AAI has offered nothing more than conclusory assertions and speculation as to the evidence it believes is still outstanding. Given that failure and the substantial discovery already conducted in this case, the district court did not abuse its discretion in denying AAI's requests for additional discovery.

Finally, AAI objects to the district court's decision to strike a declaration by AAI's expert, Dr. Fan ("the Fourth Fan Declaration"), on the bases that it was unjustifiably untimely and that it impermissibly relied on and incorporated a previously stricken expert report. But AAI has identified no valid reason to review that decision. Accordingly, we conclude that the district court properly excluded the Fourth Fan Declaration from consideration on the merits.[3]

## II.     Motion for Summary Judgment

AAI argues that the district court improperly applied the summary judgment standard and placed the burden on the non-moving party when it found that AAI had failed to raise a genuine issue of material fact regarding the independent origin of Defendants' sequences. However, contrary to AAI's arguments, the district court correctly applied the summary judgment standard here, recognizing that "[e]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[3] Subsequent orders permitted AAI to use objective descriptions of record evidence from the Fourth Fan Declaration in its briefing; however, contrary to AAI's arguments, the expert opinions contained therein remained off-limits for merits purposes.

and on which that party will bear the burden of proof at trial.'" App'x at 1606–07 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

To make out a *prima facie* case of misappropriation, a plaintiff must demonstrate, among other things, that the defendant "used" their trade secret. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009). That "use" element is met where the plaintiff demonstrates that the defendant's product was substantially derived from the plaintiff's trade secret or that defendants had access to the trade secret and thereafter produced a substantially similar product. *Id.* at 118. Here, the district court concluded that AAI had proffered insufficient evidence to meet its *prima facie* burden of demonstrating use of, similarity to, or derivation from the ACE Numbers. It further found that AAI had failed to offer any evidence to rebut Defendants' evidence demonstrating that CGMI had independently developed its sequences.

Those findings were not erroneous. AAI has identified no admissible evidence that raises a genuine issue of material fact on any of these points.[4] Absent such evidence, its conclusory assertions that the district court mischaracterized its claims or overlooked material evidence cannot defeat summary judgment. *See Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). Thus, we affirm the grant of summary judgment as well.

### III. Damages

AAI also argues that the district court erred in awarding nominal damages with respect to the single contract claim on which it prevailed and contends that the issue of damages should have

---

[4] As discussed above, the Fourth Fan Declaration, on which AAI relies heavily in its briefing, is inadmissible for purposes of summary judgment. AAI also makes passing reference to other evidence and documents, but it has not established that they are properly in the record, nor explained how they might undermine the district court's findings. Thus, they do not change our conclusion here.

been left to a jury. Specifically, the district court found that although Defendants had technically breached the NDA by retaining a report generated during the testing of the ACE Numbers, AAI was entitled to only nominal damages for that breach because it had "failed to identify evidence quantifying its damages specifically resulting from" the breach. App'x at 3376.

Contrary to AAI's argument, a court may properly award only nominal damages at summary judgment where a plaintiff fails to put forward evidence as to damages. *See Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 870 F.3d 244, 256–57 (3d Cir. 2017); *see also Jill Stuart (Asia) LLC v. Sanei Int'l Co.*, 566 F. App'x 29, 32 (2d Cir. 2014) (approving nominal damages at summary judgment where plaintiff failed to provide evidence of actual consequential damages). Here, even after the district court gave AAI an opportunity to conduct additional discovery *on precisely this issue*, AAI failed to point to any evidence that Defendants' limited breach of the NDA resulted in its claimed loss of millions of dollars in licensing fees. In fact, the expert report it produced did not identify any damages specifically caused by Defendants' retention of the report. Accordingly, we affirm the district court's award of nominal damages.

## IV.    Attorneys' Fees

Finally, AAI argues that the district court erred in granting attorneys' fees and costs to the Defendants under the NDA.

The relevant NDA provision states that, in any legal action arising out of the agreement, "the prevailing party shall be entitled to recover all court costs, expenses and reasonable attorneys' fees, in addition to any other relief to which it may be entitled." App'x at 122. Under New York law, which governs this dispute pursuant to the NDA, a prevailing party is a party that "has . . . prevailed with respect to the central relief sought." *Nestor v. McDowell*, 81 N.Y.2d 410,

7

415–16 (1993).   "Whether a litigant qualifies as a 'prevailing party' constitutes a question of law warranting *de novo* review."   *Manhattan Rev. LLC v. Yun*, 919 F.3d 149, 152 (2d Cir. 2019).

We see no error here.   Although AAI prevailed on a limited breach of contract claim, as the district court observed, "that claim [wa]s a relatively insignificant part of the case" and generated only nominal damages.   App'x at 3377 (quotation marks omitted).   In contrast, Defendants prevailed with regard to the central relief sought: it was granted summary judgment on AAI's misappropriation, primary breach of contract, and other claims, on which AAI sought substantial damages.   Thus, the district court correctly found that Defendants were the prevailing party entitled to recoup reasonable attorneys' fees and costs under the NDA.

*                         *                         *

We have considered AAI's remaining arguments and find them to be without merit.   For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court