**Jamie K.C. SCHER, Plaintiff–Appellant,**

v.

**NATIONAL ASSOC. OF SECURITIES DEALERS, INC. (NASD) et al., Defendants–Appellees.**

**No. 05–5139–cv.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

See also 2001 WL 1537669.

Jamie K.C. Scher, pro se, Woodbury, NY, for Appellant.

Michael F. Flanagan (F. Joseph Warin, Andrew S. Boutros, on the brief), Gibson, Dunn & Crutcher LLP, Washington, DC, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

In 1998, the National Association of Securities Dealers ("NASD"), a self-regulatory organization ("SRO"), was investigating Renaissance Financial Securities Corporation ("Renaissance"), a member company of the NASD. Scher, general counsel for Renaissance, was interviewed by NASD and perjured herself; she was convicted of perjury in New York State court. *Scher v. NASD*, 386 F.Supp.2d 402, 405 (S.D.N.Y. 2005) (*quoting People v. Cohen*, No. 1474–2000, 2001 WL 1537669 (N.Y.Sup.Ct. Nov. 1, 2001)).

Scher has sued NASD and various NASD officials for failing to warn her that false testimony during her interview, under oath, could result in a perjury conviction. The district court (Mukasey, J.) dismissed Scher's claims, concluding that [1] NASD is absolutely immune from suit, [2] NASD is not a state actor, and [3] Scher's claims were without merit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

NASD, "as a SRO, stands in the shoes of the SEC in interpreting the securities laws for its members and in monitoring compliance with those laws. It follows that the [NASD] should be entitled to the same immunity enjoyed by the SEC when it is performing functions delegated to it

under the SEC's broad oversight authority." *D'Alessio v. NYSE, Inc.*, 258 F.3d 93, 105 (2d Cir.2001). NASD's interview of Scher, referral of the matter to state authorities, and subsequent alleged cooperation with state prosecutors are all actions within the scope of NASD's delegated regulatory authority. *See id.* at 105–06. Accordingly, NASD and its officers were entitled to absolute immunity from Scher's claims.

Because we conclude that the defendants are entitled to absolute immunity, we do not reach the merits of Scher's claims or the question whether NASD's action constituted state action. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**