Standard Investment Chartered, Inc. v. NASD

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Submitted: February 11, 2011                    Decided: February 22, 2011)

Docket No. 10-945-cv
_____

STANDARD INVESTMENT CHARTERED, INC., On behalf of itself and all others similarly situated,

*Plaintiff-Appellant*,

-v-

NATIONAL ASSOCIATION OF SECURITIES DEALERS, INCORPORATED, AKA NASD, NYSE GROUP, INC., MARY L. SCHAPIRO, RICHARD F. BRUECKNER, BABARA Z. SWEENEY, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INCORPORATED, T. GRANT CALLERY, TODD DIGANCI AND HOWARD M. SCHLOSS,

*Defendant-Appellees*.
_____

Before: POOLER and HALL, *Circuit Judges*, COGAN, *District Judge*.[*]

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*) granting Defendant-Appellees' Rule 12(b)(6) motion to dismiss. This case arises out of the consolidation of the National Association of Securities Dealers, Inc. ("NASD") with the regulatory arm of the New York Stock Exchange ("NYSE"), which resulted in the formation of the Financial Industry Regulatory Authority ("FINRA"). The district court held that Defendant-Appellees, which are self-regulatory organizations ("SROs"), and their officers

---

[*] Honorable Brian M. Cogan of the United States District Judge for the Eastern District of New York, sitting by designation.

were absolutely immune from private damages suits based upon alleged misstatements in a proxy solicitation that altered the bylaws of the NASD in connection with the creation of FINRA. As the district court explained, the bylaw amendments were incident to the regulatory function of the SROs insofar as they were a necessary prerequisite for consolidation, and amendment of the bylaws falls squarely within SRO statutory rulemaking authority as delegated by the SEC. We affirm.

**AFFIRMED**.

_____

JONATHAN W. CUNEO, Matthew Miller, William H. Anderson, Cuneo Gilbert & LaDuca, Washingon, DC,

RICHARD D. GREENFIELD, Greenfield & Goodman, New York, NY, *for Plaintiff-Appellant*.

DOUGLAS R. COX, F. Joseph Warin, Scott P. Martin, Gibson, Dunn & Crutcher LLP, Washington, DC,

SRINIVAS M. RAJU, Richards, Layton & Finger, P.A., Wilmington, DE,

JOHN J. FLOOD, Financial Industry Regulatory Authority, Inc., Washington, DC, *for Defendant-Appellees Financial Industry Regulatory Authority, Inc. f/k/a National Association of Securities Dealers, Inc., Mary L. Schapiro, Richard F. Brueckner, Barbara Z. Sweeney, T. Grant Callery, Todd Diganci and Howard M. Schloss.*

DOUGLAS HENKIN, Milbank, Tweed, Hadley & McCloy LLP, New York, NY, *for Defendant-Appellee NYSE Group, Inc.*

PER CURIAM:

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*) granting Defendant-Appellees' Rule 12(b)(6) motion to dismiss. This case arises out of the consolidation of the National Association of Securities Dealers, Inc. ("NASD") with the regulatory arm of the New York Stock Exchange ("NYSE"), which resulted in the

formation of the Financial Industry Regulatory Authority ("FINRA"). The district court held that Defendant-Appellees, which are self-regulatory organizations ("SROs"), and their officers were absolutely immune from private damages suits based upon alleged misstatements in a proxy solicitation that altered the bylaws of the NASD in connection with the creation of FINRA. As the district court explained, the bylaw amendments were incident to the regulatory function of the SROs insofar as they were a necessary prerequisite for consolidation, and amendment of the bylaws falls squarely within SRO statutory rulemaking authority as delegated by the SEC. We affirm.

## BACKGROUND

Plaintiff-Appellant Standard Investment Chartered, Inc. ("Standard") is a California Corporation that was a member of the National Association of Securities Dealers Inc. ("NASD") at all times relevant to this lawsuit. Defendant-Appellees are the NASD and the former regulatory arm of the New York Stock Exchange ("NYSE")—the NYSE Group, Inc., as well as several NASD officers. NASD and NYSE Group, Inc. are SROs registered with the Securities and Exchange Commission ("SEC") as national securities associations pursuant to the Securities Exchange Act of 1934 ("Exchange Act").

The complaint alleges that NASD and its officers made misstatements in connection with a proxy solicitation in 2006 through which NASD sought to amend its bylaws to make them consonant with those of NYSE Group, Inc. so that the two entities could become one. Until NASD and NYSE Group, Inc. consolidated to form the Financial Industry Regulatory Authority, Inc. ("FINRA"), they each regulated separate markets, which meant, among other things, that the 170 broker-dealers belonging to both bodies were subject to two different sets of regulations that

3

sometimes interacted in contradictory and confusing ways.

The consolidation was structured as an asset purchase agreement whereby NASD would acquire certain assets of NYSE Group, Inc. As a condition to closing, NASD was required to amend its bylaws, including by implementing a new voting regime—the NASD's "one member, one vote" system would be replaced with a voting structure that distributed votes based upon the size of the member firm. The proxy solicitation also provided for a one-time "special member payment" of $35,000. Standard alleges that Defendant-Appellees misrepresented that $35,000 was the maximum possible payment that could be made.

On January 19, 2007, NASD's members voted in favor of the bylaw changes and the proposed amendments were sent to the SEC for approval, which is required by Section 19 of the Exchange Act and Rule 19b-4 promulgated thereunder. The SEC published the rules for public comment on March 20, 2007, *see* Exchange Act Release No. 55495, 90, SEC Docket No. 641 (Mar. 20, 2007), and ultimately approved them on July 26, 2007. Four days later, the consolidation became effective and FINRA was created.

Shortly before the SEC published the proposed bylaw changes for public comment, Standard commenced this lawsuit, which was dismissed on March 1, 2010, on the ground that Defendant-Appellees, as quasi-governmental organizations (and officers of such), were entitled to absolute immunity for their involvement in the proxy solicitation. The district court concluded that the proxy was incident to NASD's regulatory functions and otherwise issued in connection with powers delegated to NASD by the SEC.

We assume the parties' familiarity with the remaining facts, procedural history and issues presented for review.

4

## DISCUSSION

### I.      Standard of Review

We review a district court's grant of a motion to dismiss de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).

### II.      Legal Standard

There is no question that an SRO and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities. *See DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 96 (2d Cir. 2005); *see also In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 96 (2d Cir. 2007); *D'Alessio v. NYSE, Inc.*, 258 F.3d 93, 105 (2d Cir. 2001); *Barbara v. NYSE*, 99 F.3d 49, 59 (2d Cir. 1996); *accord Scher v. Nat'l Ass'n of Sec. Dealers, Inc.*, 218 F. App'x 46, 47-48 (2d Cir. 2007) (summary order).  This immunity extends both to affirmative acts as well as to an SRO's omissions or failure to act. *See, e.g.*, *NYSE Specialists*, 503 F.3d at 97 (failure to supervise); *Gurfein v. Ameritrade, Inc.*, 411 F. Supp. 2d 416, 423 (S.D.N.Y. 2006) (same); *Dexter v. DTC*, 406 F. Supp. 2d 260, 263 (S.D.N.Y. 2005) (setting of ex-dividend date); *Am. Benefits Group, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 99 Civ. 4733, 1999 WL 605246, at *4 (S.D.N.Y. Aug. 10, 1999) (creation of reporting requirements for companies included in the OTC Bulletin Board).

We have cautioned that the doctrine "is of a rare and exceptional character," *Barrett v. United States*, 798 F.2d 565, 571 (2d Cir. 1986) (internal quotation marks omitted), and courts must examine the invocation of absolute immunity on a case by case basis, *DL Capital Group*,

5

409 F.3d at 97. The party asserting immunity bears the burden of demonstrating its entitlement. *D'Alessio*, 258 F.3d at 104. We apply a functional test to determine whether an SRO is entitled to immunity based upon the facts before us, *see NYSE Specialists*, 503 F.3d at 96, which requires us to look at "the nature of the function performed, not the identity of the actor who performed it," *Forrester v. White*, 484 U.S. 219, 229 (1988).

As we recognized in *NYSE Specialists*, we have found stock exchange SROs absolutely immune from suit where the alleged misconduct concerned (1) disciplinary proceedings against exchange members, *Barbara*, 99 F.3d at 59; (2) the enforcement of security rules and regulations and general regulatory oversight over exchange members, *D'Alessio*, 258 F.3d at 106; (3) the interpretation of the securities laws and regulations as applied to the exchange or its members, *id.*; (4) the referral of exchange members to the SEC and other government agencies for civil enforcement or criminal prosecution under the securities laws, *id.*; and (5) the public announcement of regulatory decisions, *DL Capital Group*, 409 F.3d at 98. Today, we add to that list an SRO's amendment of its bylaws where, as here, the amendments are inextricable from the SRO's role as a regulator.

As the district court observed in this case, "[i]t is patent that the consolidation that transferred NASD's and NYSE's regulatory powers to the resulting FINRA is, on its face, an exercise of the SRO's delegated regulatory functions and thus entitled to absolute immunity." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, Nos. 07 Civ. 2014, 08 Civ. 11193, 2010 WL 749844, at *1 (S.D.N.Y. Mar. 1, 2010). The question confronting the court, however, was whether the proxy solicitation regarding amendments to the bylaws, which was incident to the consolidation, also constituted an exercise of NASD's regulatory function. On

6

this point, the district court explained that, "[a]lthough the shareholder vote for which the proxy statement was issued did not constitute a vote on the regulatory consolidation itself, the approval of the by-law amendments was not only a necessary prerequisite to the completion of that consolidation, but also was promoted as such in the proxy itself." *Id.* The district court further noted that "amendment of the by-laws itself falls within the parameters of NASD's statutory rule-making authority." *Id.* (citing 15 U.S.C. §§ 78s(b), 78c(a)(27)). Accordingly, as the district court correctly concluded, the proxy solicitation, which was the only vehicle available to NASD for amending its bylaws, was plainly "incident to the exercise of regulatory power," *see NYSE Specialists*, 503 F.3d at 98, and therefore an activity to which immunity attached.

We also believe that it is significant that NASD cannot alter its bylaws without approval from the SEC, that the SEC is authorized to develop its own procedure for receiving input on new rules from those affected by any proposed changes, *see* 15 U.S.C. § 78s(b)(1) (requiring SROs to file proposed rule changes with the SEC in accordance with such rules as the SEC may prescribe and outlining the notice and comment period), and that the SEC retains discretion to amend the rules of any SRO, *see* 15 U.S.C. § 78s(c). The statutory and regulatory framework highlights to us the extent to which an SRO's bylaws are intimately intertwined with the regulatory powers delegated to SROs by the SEC and underscore our conviction that immunity attaches to the proxy solicitation here.

We have considered Appellant's remaining arguments and conclude that they are without merit.

### CONCLUSION

For the reasons stated herein, we **AFFIRM** the judgment of the district court.

7