SANTOS-BUCH v. FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of January, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
ALAN SANTOS-BUCH,
         Plaintiff-Appellant,

         -v.-                                    14-2767-cv

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Eric W. Berry, Berry Law PLLC,
                          New York, New York.

                          Paul R. McMenamin, McMenamin Law
                          Group, New York, New York.

1

**FOR APPELLEE:**              Terri L. Reicher, Angela Pegram Saffoe, Financial Industry Regulatory Authority, Inc., Washington, District of Columbia.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Alan Santos-Buch appeals from the judgment of the United States District Court for the Southern District of New York (Scheindlin, J.), granting defendant-appellee's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Santos-Buch worked until 1996 as a stock broker employed by firms that were members of the National Association of Securities Dealers, Inc. ("NASD").  NASD was a self-regulatory organization ("SRO") under the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78s(a), and the Maloney Act of 1938, id. § 78o-3.  NASD delegated regulatory responsibility to a subsidiary, NASD Regulation, Inc. ("NASDR").

In 1997, NASDR began disciplinary proceedings against Santos-Buch for an alleged 1994 violation of NASDR's fair practice rules.  Santos-Buch and NASDR resolved the disciplinary proceedings through a settlement contract called an Acceptance, Waiver and Consent ("AWC").  In the AWC, Santos-Buch agreed to a fine of $10,000 and a 30-day suspension.  The AWC also contemplated public notice of the disciplinary action, by providing that "NASDR will make such public announcement concerning this agreement and the subject matter thereof as NASDR may deem appropriate"--a provision limited only by NASD rules.  (AWC ¶ 4.)  Santos-Buch argues that NASD rules at the time of the AWC limited such public notice to a one-time publication of the disciplinary action.

In 2007, the Financial Industry Regulatory Authority, Inc. ("FINRA") succeeded NASD and NASDR, and assumed their self-regulatory functions. Santos-Buch alleges that FINRA currently maintains two internet databases that disclose his disciplinary history to the public: one that includes his disciplinary records pursuant to 1999 and 2009 amendments to NASD and FINRA rules ("BrokerCheck"), and the other, without authorization by any rule at all ("Web File").

Santos-Buch alleges causes of action for: publishing the 1997 disciplinary records in an internet database without authorization from the FINRA Rules, violation of due process under the Fifth Amendment, violation of the constitutional prohibition against ex post facto laws, invasion of privacy in violation of Washington law, breach of contract, and failure to provide "a fair procedure for the disciplining of members and persons associated with members" of SROs as required by 15 U.S.C. § 78o-3(b)(8). The claims variously seek monetary damages, declaratory relief, and injunctions.

The district court granted FINRA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that: (1) the claims for declaratory and injunctive relief were subject to the (unfulfilled) requirement that Santos-Buch exhaust his administrative remedies before filing a civil action, and (2) the claims for monetary damages were barred by FINRA's immunity to suits for damages in its regulatory capacity. On an appeal from dismissal for lack of subject matter jurisdiction, this Court reviews factual findings for clear error and legal conclusions de novo. Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002). The Court reviews de novo the district court's dismissal for failure to state a claim. MFS Secs. Corp. v. New York Stock Exch., Inc., 277 F.3d 613, 617 (2d Cir. 2002).

The doctrine of exhaustion requires a would-be plaintiff to seek available administrative remedies before seeking judicial relief "in cases where the relevant statute provides that certain administrative procedures shall be exclusive." McKart v. United States, 395 U.S. 185, 193 (1969). Challenges to SROs' rules must proceed exclusively before the Securities and Exchange Commission ("SEC"), in accordance with "the comprehensive review procedure established by the Exchange Act." Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 57 (2d Cir. 1996) (internal

3

quotation marks omitted).  Specifically, no such challenge "may be considered by the court unless it was urged before the [SEC] or there was reasonable ground for failure to do so."  15 U.S.C. § 78y(c)(1).  Exhaustion is not required, however, when an agency lacks the power to grant effective relief, including when the agency would be called upon to resolve a substantial constitutional issue.  See McCarthy v. Madigan, 503 U.S. 140, 147 (1992).

The exhaustion requirement bars Santos-Buch's claims for injunctive and declaratory relief with regard to publication of his disciplinary action via BrokerCheck.  See Barbara, 99 F.3d at 56-57.  Since this case involves no state action, there is no substantial constitutional issue. As a private actor whose conduct in this case is not "fairly attributable" to the government, FINRA could not have violated Santos-Buch's due process rights or the Ex Post Facto Clause.  See D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc., 279 F.3d 155, 161-62 (2d Cir. 2002); Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc., 191 F.3d 198, 206-07 (2d Cir. 1999); cf. O'Neil v. Vermont, 144 U.S. 323, 364 (1892) (Field, J., dissenting) (noting that the Ex Post Facto Clause is an "inhibition against state action").

While Santos-Buch's claims for injunctive and declaratory relief for publication of his disciplinary action via Web File are not subject to the Exchange Act's exhaustion requirement because they challenge neither the disciplinary action taken by FINRA, nor a FINRA rule, they were also properly dismissed.  Santos-Buch alleges that the Web File publication violates his substantive due process rights, but he fails to state a due process claim because FINRA is not a state actor that can be held to constitutional standards.  To the extent that his claims for injunctive and declaratory relief rest instead on FINRA's failure to comply with its own rules, as is required by statute, see 15 U.S.C. § 78s(g)(1) ("Every [SRO] shall comply with . . . its own rules."), we have held that there is no implied private right of action to enforce this statutory obligation, see Desiderio, 191 F.3d at 208.

Santos-Buch's claims for monetary relief are foreclosed by immunity: "an SRO and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities." Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc., 637 F.3d 112, 115 (2d Cir. 2011), cert.

4

denied, 132 S. Ct. 1093 (2012).  Because all of the relevant conduct by FINRA (and by NASD and NASDR before it) was undertaken in furtherance of its regulatory responsibilities as an SRO, it is immune from Santos-Buch's claims for damages.

For the foregoing reasons, and finding no merit in Santos-Buch's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK