14-3641-cv
Lobaito v. Fin. Indus. Regulatory Auth., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:  JOHN M. WALKER, JR.,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

JOSEPH LOBAITO, JR.,
*Plaintiff-Appellant*,

v.                                                                              14-3641-cv

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC., FINRA,
*Defendant-Appellee*.

_____


FOR APPELLANT:                    Joseph Lobaito, Jr., <u>pro se</u>, Staten Island, New York.

FOR APPELLEE:                     Suzanne Elizabeth Duddy, Financial Industry Regulatory Authority, Inc. (FINRA), Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*; Henry Pitman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 9, 2014, is AFFIRMED.

Appellant Joseph Lobaito, Jr., pro se, appeals from the dismissal of his action under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., against the Financial Industry Regulatory Authority, Inc. ("FINRA") for the alleged violation of its own rules and regulations in allowing a comment by his former employer to remain on his licenses without substantiation.   See Fed. R. Civ. P. 12(b)(6).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon de novo review, see State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 82 (2d Cir. 2007), we conclude, largely for the reasons stated by the magistrate judge in his thorough and well-reasoned Report and Recommendation, that dismissal was warranted in this case because FINRA has absolute immunity with respect to actions taken in furtherance of its regulatory duties, see Standard Inv. Chartered, Inc. v. NASD, 637 F.3d 112, 115 (2d Cir. 2011) ("There is no question that an SRO and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities."); see also Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd., 661 F.3d 164, 172 (2d Cir. 2011) (explaining that FINRA is successor to NASD and is SRO).   Although Lobaito asks us to modify this rule, we are

2

"bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." Johnson v. United States, 779 F.3d 125, 128 (2d Cir. 2015) (internal quotation marks omitted). As a result, Lobaito's damages claim fails. Moreover, to the extent Lobaito sought non-monetary relief, he has waived any such claim. See Appellant's Br. 6 ("Lobaito is not asking for expungement of comments but for monetary damages as a result of lost revenue due to FINRA's actions."). Because absolute immunity resolves all of the live issues in this case, we need not address whether the Exchange Act allows for a private right of action against FINRA or whether Lobaito's claims were barred by issue preclusion.

We have considered all of Lobaito's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3