**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Richard Alan ARLEDGE,**
**Defendant–Appellant**

**No. 16-40962**

United States Court of Appeals,
Fifth Circuit.

Signed: 6/14/2017

06/15/2017

Grover Glenn Roque–Jackson, U.S. Attorney's Office, Eastern District of Texas, Plano, TX, for Plaintiff–Appellee.

Richard Alan Arledge, Pro Se.

## ORDER:

### CATHARINA HAYNES, UNITED STATES CIRCUIT JUDGE

Richard Alan Arledge, federal prisoner # 16769-078, was convicted of conspiring to launder money and is serving a 188–month prison sentence. He moves this court for a certificate of appealability (COA) so that he may appeal the district court's denial of his 28 U.S.C. § 2255 motion. Arledge raised claims that (1) the Government failed to turn over exculpatory and impeachment evidence; (2) trial counsel was ineffective for (a) not challenging the search warrant, (b) failing to prepare for trial, (c) permitting perjured testimony to be introduced at trial, (d) not impeaching the Government's witnesses, and (e) withdrawing from the case without turning over the case file to the new attorney; (3) the Government knowingly relied on perjured testimony and falsified affidavits; and (4) his sentence enhancements were based on perjured testimony. He later added claims that the Government relied on perjured testimony before the grand jury and that counsel was ineffective for failing to raise the issues of the perjured grand jury testimony and the Government's failure to turn over exculpatory and impeachment evidence. In this court, he also contends that the district court should have stricken one of the Government's pleadings, improperly failed to consider one of his pleadings, and erred in denying his motion to file exhibits. He further argues that he should have received an evidentiary hearing.

■ Arledge does not address the district court's denial of his claims that

counsel was ineffective for neglecting to prepare for trial, failing to impeach government witnesses, and withdrawing from the case without turning over the case file to the new attorney and that his sentence enhancements were based on perjured testimony. Accordingly, he has abandoned them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

This court will grant Arledge a COA if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). That is, he must establish that reasonable jurists would find the decision to deny relief debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), or that the issues he presents deserve encouragement to proceed further, *see Miller–El*, 537 U.S. at 327, 123 S.Ct. 1029. Because the district court denied relief as to some of Arledge's claims on procedural grounds and did not reach the merits of those claims, this court will grant a COA as to them only if reasonable jurists would debate whether the district court's procedural ruling is correct and whether Arledge states a valid claim of a constitutional deprivation. *See Slack*, 529 U.S. at 484, 120 S.Ct. 1595; *Houser v. Dretke*, 395 F.3d 560, 561–62 (5th Cir. 2004).

Arledge has not made the required showing. Accordingly, his motion for a COA is DENIED. His motion to proceed in forma pauperis on appeal is also DENIED.