## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2019

No. 18-50269

Lyle W. Cayce
Clerk

SAM BALABON; SPOT QUOTE HOLDINGS, INCORPORATED,

Plaintiffs - Appellants

v.

RICHARD KETCHUM; ERIN VOCKE; FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INCORPORATED,

Defendants - Appellees

Appeal from the United States  District Court
for the Western District of Texas
USDC No. 1:17-CV-486

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

Sam Balabon owns two affiliated entities, Spot Quote Holdings, Inc. (Spot Holdings) and Spot Quote LLC (Spot).  Spot is a broker-dealer subject to regulation by the Financial Industry Regulatory Authority (FINRA).  Spot Holdings is not a FINRA member.  FINRA is a registered national securities association and a self-regulatory organization under the Securities and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50269

Exchange Act of 1934, 15 U.S.C. § 78s(a), and the Maloney Act of 1938, *id.* § 78o-3. Financial brokers and dealers must join FINRA, which has broad authority to regulate its members' compliance with federal securities laws. *Id.* § 78o(a)(1), (b)(1); *see Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268, 1270 (11th Cir. 2017).

In 2013, FINRA told Balabon that he could sell securities only through the regulated Spot. FINRA reminded Balabon of the order in June 2016. Balabon believed that the order was illegal and refused to comply. He then filed this *pro se* lawsuit in federal district court against FINRA and two of its employees. The complaint asserts two claims of tortious interference with the unregulated Spot Holdings' business and a claim of unlawful discrimination based on fines FINRA imposed on Spot.

Defendants moved to dismiss for lack of subject matter jurisdiction, arguing that Plaintiffs failed to exhaust administrative remedies. Defendants also moved to dismiss for failure to state a claim based on regulatory immunity. Plaintiffs did not address the exhaustion defense in their response to the motion to dismiss.

The magistrate judge to whom the case was referred determined that the district court lacked jurisdiction. The court explained that the Securities Exchange Act establishes an administrative process for challenging a FINRA decision. A member may appeal a FINRA enforcement action within the organization and, once final, to the Securities and Exchange Commission, FINRA's supervising agency. 15 U.S.C. §§ 78s(d)(1), (2); *see Scottsdale Capital Advisors Corp. v. Fin. Indus. Regulatory Auth., Inc.*, 844 F.3d 414, 417–18 (4th Cir. 2016). If the SEC rules against the member in a final order, then judicial review is in the court of appeals. 15 U.S.C. § 78y(a)(1). The magistrate concluded that this review scheme—administrative review followed by judicial review in the court of appeals—precludes challenging a FINRA order in district

court. *See Scottsdale*, 844 F.3d at 424; *Santos-Buch v. Fin. Indus. Regulatory Auth., Inc.*, 591 F. App'x 32, 33 (2d Cir. 2015) (per curiam); *cf. Jarkesy v. S.E.C.*, 803 F.3d 9, 12 (D.C. Cir. 2015). The district court adopted the magistrate judge's recommendation and dismissed the lawsuit without prejudice.

Balabon appealed.[1] But his opening brief does not challenge the district court's ruling that it lacked subject matter jurisdiction. The closest Balabon comes is arguing that this case involves a "substantial constitutional issue." At first blush, that could be viewed as an argument for district court jurisdiction. In limited circumstances, a plaintiff may avoid a scheme channeling review to an agency, followed by judicial review in the court of appeals, by bringing in district court a challenge that is wholly collateral to the

---

[1] Balabon, a nonlawyer, represented Spot Holdings and Spot in district court despite the need for a business to have counsel to litigate in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed council."). He also filed a notice of appeal on behalf of himself and his two companies. After this court informed Balabon that he could not represent Spot Holdings and Spot on appeal, he retained counsel for those entities. Counsel then filed a brief for those entities adopting Balabon's *pro se* brief. Later on, Spot dismissed its appeal which is why this appeal just includes Balabon and Spot Holdings as appellants. We have not resolved "whether the filing of the corporation's notice of appeal by someone who is not an attorney is sufficient to deprive this Court of its jurisdiction to consider the appeal." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. Unit B July 1981) (per curiam); *but see Insituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 22 (1st Cir. 2000) ("[A] corporate officer may sign and file a notice of appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to . . . prosecute the appeal."); *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999) (same).

We again need not decide whether the filing of a business's notice of appeal by a nonlawyer is a jurisdictional defect. Regardless of whether Spot and Spot Holdings filed a valid notice of appeal, Balabon did as in individual who can appear *pro se*. But in his brief, Balabon failed to challenge the district court's exhaustion ruling, which it treated as a jurisdictional problem. Without us having to decide whether the failure to go through the FINRA administrative process is a jurisdictional problem, Balabon waived any challenge to the district court's jurisdictional ruling by failing to brief it. We thus must affirm the district court's dismissal for lack of jurisdiction and need not explore whether the problem with the business's notice of appeal poses a separate ground for dismissing the case.

No. 18-50269

agency's action and outside its expertise. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212–13 (1994). But even a liberal construction of Balabon's brief confirms that his constitutional argument relates to regulatory immunity,[2] not subject matter jurisdiction. This section of Balabon's brief contends, for example, that "[b]ased on the Eleventh Amendment, FINRA is not a state or governmental agency, and therefore does not enjoy the protection of sovereign immunity."

Although *pro se*, Balabon is still required to brief an issue in order to preserve it for appellate review. *Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013). Because Balabon failed to address the jurisdictional ground on which his case was dismissed, he has abandoned his appeal. *United States v. Arledge*, 873 F.3d 471, 472–73 (5th Cir. 2017).

The judgment is AFFIRMED.

---

[2] For the first time on appeal, Balabon argues that FINRA denied him "fair administrative process." He failed, however, to raise any due process challenge in the district court. It is therefore forfeited. *Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018). Balabon's mention of exhaustion for the first time in his reply brief is also too late to preserve the issue. *United States v. Reed*, 908 F.3d 102, 123 n.81 (5th Cir. 2018).